**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| International Equipment Group, Inc., an Arizona corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Hartford Casualty Insurance Company, an Indiana corporation,<br><br>    Defendant. | No. CV09-906 PHX DGC<br><br>**ORDER** |

The Court held a discovery conference call with the parties on January 8, 2010. The interpretation of the parties' confidentiality agreement, which is identical to the confidentiality order submitted to the Court on December 4, 2009 (Dkt. #29-1), became an issue during the call.[1] The question is whether the scope of confidential information is established by paragraph C or the third sentence of paragraph E.

Relevant portions of the confidentiality agreement read as follows:

> C. *Only documents containing trade secrets, special formulas, company security matters, customer lists, financial data, projected sales data, production data, matters relating to mergers and acquisitions, and data which touch upon the topic of price may be designated as confidential*, provided such documents have not previously been disclosed by the producing party to anyone except those in its employment or those retained by it. Such documents or parts thereof will be designated after review by an attorney for the producing party by stamping the word confidential on each page.

---

[1] The Court did not adopt the parties' proposed confidentiality order when it was submitted. Dkt. #30. The parties agreed, nonetheless, that the proposed order would constitute the confidentiality agreement between them throughout the remainder of this litigation.

D.      If any party believes a document not described in the above
        paragraph should nevertheless be considered confidential, it may make
        application to the court or special master. Such application shall only be
        granted for reasons shown and for extraordinary grounds.

                E.      Documents designated confidential shall be shown only to the
        attorneys, the parties, parties' experts, actual or proposed witnesses, and other
        persons whom the attorneys deem necessary to review documents for the
        prosecution or defense of this lawsuit and shall be used for the prosecution or
        defense of this lawsuit only. Each person who is permitted to see confidential
        documents shall first be shown a copy of this order and shall further be
        advised of the obligation to honor the confidentiality designation. *The parties
        agree that no documents, depositions, discovery materials of any kind
        produced by Plaintiff or defendant will be shared with anyone outside the
        litigation except experts designated by the parties who acknowledge and sign
        the confidentiality agreement as written. Also, the parties agree to the return
        of any and all materials produced by Hartford at the conclusion of the
        litigation.*

Dkt. #29-1 at 1-2 (emphasis added).

Paragraph C describes a limited class of documents that may be treated as confidential. Paragraph D states that any party seeking to expand this definition must apply to the Court. Inconsistently, the third sentence of paragraph E states that all documents, depositions, and discovery material produced in the litigation shall be treated as confidential.

Defendant Hartford contends that the third sentence of paragraph E was added by Plaintiff's counsel and is therefore binding on Plaintiff. Documents submitted by the parties, however, suggest otherwise. At 11:23 a.m. on December 3, 2009, Plaintiff's counsel sent an email to defense counsel attaching a proposed confidentiality order. The email contains this sentence: "The language which I believe is important to you has been added at the end of the second sentence of paragraph (E)." Dkt. #43-1 at 2. At 1:37 p.m. that day, defense counsel responded by stating that he was having trouble opening the attachment. At 8:19 a.m. the next morning – December 4, 2009 – Plaintiff's counsel sent an email stating that he was attaching the proposed order in pdf format, presumably because defense counsel could not open the attachment. Dkt. #42-2 at 1. At 9:01 a.m. on December 4, 2009, Defendant Hartford's counsel wrote this email:

> I have no problem with the language, but I think we should add in paragraph E that "The parties agree that no documents, depositions, discovery materials of any kind produced by Plaintiff or defendant will be shared with anyone

> outside the litigation except experts designated by the parties who acknowledge and sign the confidentiality agreement as written. Also, the parties agree to the return of any and all materials produced by Hartford at the conclusion of the litigation." Let me know what you think. And thanks again for taking the lead in getting this done. If you agree to add this language it will be good to go and you can sign for me.

Dkt. #42-2 at 1. Plaintiff's counsel responded with an email at 1:09 p.m. on December 4, 2009 stating: "I have added the language that you requested and will be filing the Stipulation and Order this afternoon." *Id*. The proposed order and stipulation were filed that day. Dkt. #29.

This exchange of emails makes clear that counsel for Hartford, not counsel for Plaintiff, proposed the language found in the third sentence of paragraph E. The language proposed in Hartford's counsel's email of December 4, 2009 is now contained word-for-word in the third sentence of paragraph E. The Court concludes, therefore, that the disputed language in paragraph E was requested by Defendant Hartford and drafted by its counsel.[2]

There can be no doubt that the language in the third sentence of paragraph E conflicts with the language in paragraphs C and D. It also conflicts with the beginning language in paragraph E, which states "documents designated confidential shall be shown only to the attorneys . . . ." Dkt. #29-1 at 2. This language appears to carry forward the definition of confidentiality and the method for designating confidential documents established in paragraphs C and D.

The Court cannot conclude that the addition of Hartford's proposed language to paragraph E was intended to vitiate all of the language that preceded it in the confidentiality agreement. To the contrary, the Court concludes that Plaintiff's counsel reasonably would have read the new language as applying to documents that could be designated as confidential under paragraph C, rather than as applying to all documents or information that

---

[2] Plaintiff's counsel's email of December 3, 2009, stated that he had added language requested by Hartford "at the end of the second sentence of paragraph (E)." Dkt. 43-1 at 2. This does not appear to refer to the current third and fourth sentences of paragraph E because those were not proposed by Hartford's counsel until the next day. *See* Dkt. 42-2 at 1.

might be exchanged in this case.

The Court concludes that the parties' confidentiality agreement must be construed to apply only to the categories of information specified in paragraph C. The language added to paragraph E must be read as limited to these categories. This is the most reasonable reading of the document, and the most reasonable interpretation of Plaintiff's understanding of the agreement in light of the exchange that occurred between counsel.

In light of this interpretation, the parties shall follow the procedure set forth in paragraph 1 of the Court's order dated January 11, 2010. *See* Dkt. #41.

DATED this 14th day of January, 2010.

_____
David G. Campbell
United States District Judge